C O P Y                                               C O P Y

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

Gerald C. Mann
Attorney General

Honorable R. Judson Balch
County Attorney
Baylor County
Seymour, Texas

Dear Sir:

Opinion No. O-3816
Re: Whether the described services
furnished by a public utility
corporation subject the corpora-
tion to the provisions of Article
7428a, V.A.C.S.

Your letter of July 24, 1941, recites that a public
utility corporation furnishing electric power within your
County also operates an ice plant and wholesales and retails
ice; that in the selling of ice the corporation has committed
acts calculated to prevent or hinder legitimate competition in
the ice business. Pertaining thereto, you ask our opinion upon
the question stated by you as follows:

"Is this particular service, furnished by a public
utility, of such a nature as to come within the provisions
of Article 7428a, Revised Civil Statutes, Sections I & II;
and if so, do the acts of this company constitute a dis-
crimination which is prohibited by the Statute?"

Section 1 and Section 2 of Article 7428a (Acts 1935,
44th Legislature, page 118, Chapter 44) read as follows:

"Section 1. That monopolies are contrary to the pub-
lic policy of the State of Texas; and it shall hereafter
be unlawful for any person, company, partnership or cor-
poration, domestic or foreign, doing business in the trans-
portation and/or sale of natural gas, electric current and
power, telephone services, telegraph services, and/or similar
public utilities to wilfully and intentionally do any act
whatever to prevent or hinder any legitimate competition
in such business.



"Section 2.  It shall hereafter be unlawful for
any person, partnership, company, or corporation, domestic
or foreign, engaged in any such a public utility business
in more than one municipality or county in this State,
to discriminate in rates, prices, or kind of services
in favor of any person, partnership, company, corporation
or municipality for the purpose of preventing or hinder-
ing competition in such business or injuring a competitor."
(Emphasis ours)

It is manifest, in our opinion, that this law was
enacted to regulate public utility corporations when engaged
in rendering public utility services.  The expressions "and/or
similar public utilities" and "in such business" demonstrate
this intent.

It is our opinion, moreover, that the ice business
cannot be held to be a public utility within the purview of
this act.  In Gulf States Utility Company vs. State, 46 S.W.(2d)
1018, 1021, 1022, (writ refused) it was said:

"We therefore conclude that, in absence of a legisla-
tive enactment, the manufacture and sale of ice to the
public in Texas is not a public utility business as a
matter of law.

"In deciding the above question, we are not holding
that a legislative enactment declaring ice to be a public
utility, or that the ice business is affected with the
public interest and subject to some character of public
regulation, would not be upheld by the courts.  No such
legislation has been enacted in Texas, and that question
need not be determined in this case."

The case involved a public utility corporation
engaged in an acknowledged public utility business and, in
addition, in the ice business.  The "Appellant contended that
ice had grown to be a commodity needed and used by the public
so generally that it had become a public necessity, and that
its business of manufacturing and selling ice to the public
in Texas was therefore a public utility business, and entitled
to classification under the Franchise Tax Act as a 'public
utility corporation'. . ."

The court exhaustively reviewed the authorities in and out of Texas and reached the conclusion stated above.

We conclude likewise in the construction of Article 7423a. It is our opinion that a corporation will be subject to its specific provisions only in relation to its business which, as a matter of law in Texas, is a public utility business.

We have pretermitted any discussion of other statutes of Texas which might be applicable to the situation you have described. We construe your request to be with refernace to the statute discussed, and to it only.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By (Signed) ZOLLIE C. STEAKLEY
Assistant


APPROVED AUG 7, 1941

(Signed) GROVER SELLERS
FIRST ASSISTANT ATTORNEY GENERAL


zcs;eaw


APPROVED  OPINION COMMITTEE
BY REK CHAIRMAN

O.K.WRK